IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A.R. and Z.R., Minors by and through their
Parent, KATIE ROBERTS,

        Plaintiffs,

v.                                      Case No.  21-2492-JWB

KANSAS SCHOOL BOARD ASSOCIATION, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion to dismiss.  (Doc. 4.)  The motion

has been fully briefed and is ripe for decision.  (Docs. 5, 7, 8.)  For the reasons provided herein,

Defendants' motion is GRANTED and this matter is REMANDED to state court.

**I.**      **Facts**

This action arises from the issuance of a face mask mandate in the Olathe, Kansas, school

district (USD 233).  On August 5, 2021, the Johnson County Board of Commissioners approved a

Public Safety Order that required any school with students in sixth grade and younger to wear

masks effective August 9, 2021.  On that same day, the Olathe Board of Education (BOE) voted

to adopt the health order and extended it to include all school age children.  Therefore, all students,

staff, and visitors are required to wear a mask or face covering in any Olathe school district

building.  (Doc. 1-1 at 15-16.)  Parents are able to apply for an exemption from the mask mandate

for their children.  Prior to the meetings, Katie Roberts, the parent of the minor Plaintiffs A.R. and

Z.R., sent an email to the County Commissioners and the members of the BOE.  (*Id.* at 13-14.)

The email raised Roberts' concerns about the mask mandate, specifically that masks are not shown

1

to be effective against the COVID-19 virus and that she was concerned about the medical risks to her children from being required to wear a mask for an extended period of time.  Roberts did not receive a response to her email.

As a result of the mask mandate, on September 29, 2021, Roberts filed suit in Johnson County, Kansas, District Court on behalf of her children, A.R. and Z.R.  The claims in the complaint are made against the Olathe BOE, Dr. Brent Yeager, in his individual capacity and in his official capacity as Superintendent of the Olathe School District, and all individual members of the BOE in their individual and official capacities.  (Doc. 1-1.)  The complaint alleges four counts: 1) a claim under 42 U.S.C. § 1983 based on a violation of Plaintiffs' procedural due process rights in adopting the mask mandate without an opportunity to be heard; 2) a claim under § 1983 based on a violation of Plaintiffs' substantive due process right to a public education and an education in a safe and healthy environment; 3) a violation of Plaintiffs' unenumerated rights under the 9th Amendment and Article 1, § 20 of the Kansas Constitution in adopting the mask mandate; and 4) a violation of 5 U.S.C. § 3331 against all individual Defendants except Dr. Yeager for violating their oaths of office in voting to adopt the mask mandate.  (Doc. 1-1 at 23-27.)

In the complaint, Roberts states that she is bringing the suit on behalf of her children, A.R. and Z.R., who attend schools in the Olathe School District.  The complaint alleges that they have been harmed "and continue to be irreparably harmed by these unlawful acts, including by suffering an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase."  (*Id.* at ¶ 63.)  The complaint contains an affidavit by Stephen E. Petty, an Industrial Hygienist, regarding the effectiveness and potential health risks of wearing masks.  (Doc. 1-1 ¶ 52; Exh. W.)  Roberts

also alleges that she is aggrieved by the "immediate and irreparable injury, loss, and damage suffered by minor children because minor children are required to wear a mask pursuant to the mask mandate, which is not only unsupported by science, but which also results in the possible resulting measurable drop in oxygen saturation of the blood on one hand and the increase in carbon dioxide on the other...." (*Id.* at ¶ 54.)

Roberts is proceeding pro se in this action. Roberts has not obtained counsel to represent her or her children. After filing the complaint in state court, this action was later removed by Defendants. (Doc. 1.) The parties do not dispute that Roberts obtained an exemption to the mask mandate for her children on October 5, 2021. (Docs. 5 at 7, Exh. C; 7 at 2.)

Defendants now move to dismiss this action on the basis that Roberts cannot bring claims on behalf of her children without counsel, that Plaintiffs have not alleged that they suffered an actual injury, and that Plaintiffs have failed to demonstrate the existence and violation of a protectible property or liberty interest.[1]

## II.    Standard

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278,

---

[1] After Defendants filed a reply brief, Plaintiffs filed a sur-reply without leave of court. (Doc. 9.) Defendants have moved to strike the sur-reply and Plaintiff has not filed a response to this motion and the time for doing so has passed. (Doc. 10.) Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response, and a reply. A sur-reply is permitted with leave of court and after good cause is shown. *Ambac Assurance Corp. v. Fort Leavenworth Frontier Heritage Cmtys., II, LLC*, No. 15-CV-9596-DDC-JPO, 2017 WL 1035953, at *1 (D. Kan. Mar. 17, 2017). Here, after being presented with the motion to strike, Plaintiff has failed to respond and offer a basis for the court to consider her sur-reply. Therefore, the court declines to consider the sur-reply and grants Defendants' motion to strike.

1283 (10th Cir. 2008).   Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

### III.   Analysis

Defendants initially assert that this action must be dismissed because Roberts is not represented by counsel and, therefore, cannot appear pro se with respect to the claims brought on behalf of her children.  Here, Plaintiff Roberts is proceeding pro se.  A plaintiff proceeding pro se in federal court cannot assert the constitutional claims of others.  *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).  This applies to a parent attempting to raise a claim on behalf of a minor child.  *Id.*  "[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."  *Meeker*, 782 F.2d at 154; *see also Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) ("[W]e have held that parents who are not attorneys may not bring a pro se action on their child's behalf.")(citations omitted).  This rule "protects the legal interests of minors and prevents non-licensed persons from appearing as attorneys on behalf of others."  *See Heffington v. Derby Unif. Sch. Dist. 260*, No. 2011 WL 5149257, *2 (D. Kan. Oct. 28, 2011).

In opposition, Roberts cites to K.S.A. 38-141 for the proposition that Kansas law allows her to represent her children in this action.  This statute was enacted as part of the Juvenile Justice Reform Act of 1996.  Kan. L. 1996 Ch. 229 § 159.  That section provides, in relevant part,

> (b) It shall be the public policy of this state that parents shall retain the fundamental right to exercise primary control over the care and upbringing of their children in their charge. It is further the public policy of this state that children shall have the right to protection from abuse and neglect.
>
> . . . .

4

> (d) Any parent may maintain a cause of action in state court or in any court of competent jurisdiction for claims arising under the principles established in subsection (b). Any person authorized by law to act on behalf of a child may maintain a cause of action in the name of such child in any court of competent jurisdiction for claims arising under the principles established in subsection (b).

K.S.A. 38-141(b).  Roberts relies on subparagraph (d) as authority for her to proceed pro se on behalf of her children in the instant case.  (Doc. 7 at 1-2.)

Roberts, however, does not cite to any case authority - and the court could find none - that has interpreted the statute as she has proposed.  As such, Roberts' argument raises an issue of unresolved state law that need not be decided here.  To the extent K.S.A. 38-141 might be interpreted to authorize a parent to proceed pro se on behalf of her children, the statutory text is limited to a cause of action arising under subparagraph (b).  By contrast, Plaintiffs' claims in this case are grounded in federal law, with the exception of one claim arising under the Kansas Constitution.  (CITE).  Under federal law, Roberts cannot represent her children without a lawyer.  Moreover, since the court will ultimately remand this case to state court, the application of K.S.A. 38-141 to any remaining state law claims is better left to the state courts in the first instance.

In connection with the motion to dismiss, the court has considered whether it has any obligation under Fed. R. Civ. P. 17(c)(2) to appoint a guardian ad litem to protect the interests of A.R. and Z.R.  The court concludes it does not, as Ms. Roberts is their mother and is competent to act as their general representative, including in matters of litigation.  *See e.g., Abbott v. Abott*, 68 Kan. 824, 75 P. 1041 (1904) (parent entitled to maintain suit for minor as next friend.)  But because Ms. Roberts is not an attorney, she cannot maintain the federal claims on A.R. and Z.R.'s behalf without an attorney. *Meeker*, 782 F.2d at 154; *Donahue v. Kansas Bd. of Educ.*, No. 18-2012-CM, 2018 WL 3055841, *1 (D. Kan. June 20, 2018) ("A pro se plaintiff may not represent another party – even her own child."); *Berrios v. New York City Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)

(fact that minor must be represented by a next friend does not alter the principle that a non-attorney is not allowed to represent another individual in federal court without counsel.)

Moreover, to the extent that Plaintiff Roberts is attempting to raise her own federal constitutional claim, she must allege facts demonstrating standing.  Article III of the Constitution limits federal courts' jurisdiction to certain cases and controversies.  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013).  Roberts must establish standing in order to invoke this court's jurisdiction.  *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560–61 (1992).  A court reviews standing for claims that seek both retrospective relief and prospective relief.  *See Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1176-78 (10th Cir. 2009).  To establish standing, there must be an "injury in fact"; a causal connection between the injury and the conduct complained of; and it must be likely that her injury will be "redressed by a favorable decision."  *Lujan,* 504 U.S. at 560–61; *see also D.L.S. v. Utah*, 374 F.3d 971, 974 (10th Cir. 2004).

Under the "injury in fact" prong, a plaintiff's injury "must be actual or imminent, not conjectural or hypothetical."  *D.L.S*, 374 F.3d at 974.  "Allegations of possible future injury do not satisfy the injury in fact requirement, though a plaintiff need not expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1087–88 (10th Cir.2006) (internal quotation marks and citations omitted).

The complaint states that it is brought on the minors' behalf by Roberts, their mother.  The minor children are students at the school district and Roberts is alleged to be a resident and taxpayer in the school district.  (Doc. 1-1 at 2.)   While the complaint alleges that the mask policy unlawfully deprives Plaintiffs of "constitutionally protected interests without due process of law," the only damage alleged is that "[p]laintiffs were harmed and continue to be irreparably harmed ...

by suffering an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide." (*Id.* at 23, 24, 25, 26.)

Plaintiff Roberts does not allege that the policy has mandated that **she** wear a mask for any particular time. Roberts therefore does not allege that she suffered the harm alleged in this action. Rather, the alleged harm has been suffered by her children.[2] Roberts cannot rest her federal claims on the rights of her children. *See Heffington*, 2011 WL 5149257, *2 (a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") To establish standing, Roberts must personally suffer "a concrete and particularized injury in connection with the conduct about which [s]he complains." *See, e.g., Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018) ("Standing requires more than just a 'keen interest in the issue.' It requires allegations ... that the plaintiff 'personal[ly] suffered a concrete and particularized injury in connection with the conduct about which he complains.") (internal citation omitted).

Therefore, the court finds that Plaintiff Roberts has failed to establish standing for any federal claims on her own behalf and, because she is proceeding pro se, she cannot proceed on any federal claims on behalf of her minor children. *See J.R. by & through Rizzi v. Palos Verdes Peninsula Unified Sch. Dist.*, No. 221CV07656JAKAFM, 2021 WL 4553056, at *2-3 (C.D. Cal. Oct. 5, 2021) (finding in a similar case that the parent lacked standing for any claim on her own behalf due to a lack of injury and she could not bring any federal claims on behalf of her children

---

[2] Because Plaintiff has not alleged that she personally suffered an injury and therefore lacks standing, the court declines to address whether the allegations are sufficient to give rise to an actual injury suffered by her children. *See Schwob v. Standard Ins. Co.*, 37 F. App'x. 465, 469 (10th Cir. 2002) ("We need not address the issues raised on appeal by plaintiff because we hold that the district court erred by failing to dismiss plaintiff's complaint sua sponte for lack of subject matter jurisdiction based on the doctrine of ripeness."). For that same reason, the court need not address the potential mootness of this action due to the fact that the parties agree that both A.R. and Z.R. were exempted from the mask mandate within a week of filing this action.

without counsel); *Raskin v. Dallas Independent School District*, No. 3:21-CV-2429-L-BK, 2021 WL 5396001, at *2–3 (N.D. Tex. Nov. 17, 2021) (same).

Defendants seek dismissal of the complaint.  The Tenth Circuit has held, however, when a lack of standing divests a district court of subject-matter jurisdiction over a case removed to federal court, the matter should be remanded to state court pursuant to 28 U.S.C. § 1447(c).  *See Hill v. Vanderbilt Cap. Advisors, LLC,* 702 F.3d 1220, 1225 (10th Cir. 2012) (citing *Jepsen v. Texaco, Inc.*, 68 F.3d 483, 483 (10th Cir. 1995) ("Lack of standing divests the court of subject matter jurisdiction, and therefore, upon determining that [the plaintiff] lacked standing to bring his suit, the court should have remanded the matter to state court pursuant to § 1447(c).").  Section 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added).  The court finds that it is appropriate to remand this action in light of the Tenth Circuit authority, statutory language, and Plaintiffs' state law claim.

## IV.    Conclusion

Defendants' motion to dismiss (Doc. 4) is GRANTED and her federal claims are DISMISSED for the reasons stated herein.  Defendants' motion to strike Plaintiffs' sur-reply (Doc. 10) is GRANTED.  The clerk is instructed to REMAND this action to Johnson County District Court.

IT IS SO ORDERED.  Dated this 11th day of January, 2022.

  __ s/ John W. Broomes _____
  JOHN W. BROOMES
  UNITED STATES DISTRICT JUDGE